IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrell Goss, #305517, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 2:23-722-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Shane D. Jackson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Darrell Goss's ("Goss" or "Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Warden Shane D. Jackson ("the Warden" or "Respondent") filed a motion for summary judgment on January 25, 2024.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On May 6, 2024, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant the Warden's motion for summary judgment on the basis that Goss has failed to exhaust his administrative remedies.  (ECF No. 50.)  Goss filed objections to the Magistrate Judge's Report, and the Warden filed a reply.  (ECF Nos. 52, 53.)  For the reasons set forth herein, the Court overrules Goss's objections and adopts the Magistrate Judge's Report.

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

This Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered and may accept, reject, or modify, in whole or in

part, the recommendations contained in that Report.  28 U.S.C. § 636 (b)(1).  Any written

objection must specifically identify the portion(s) of the Report to which the objection is

made and the basis for the objection.  *Id.*

## II.    Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no

genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  The Court is not to weigh the

evidence, but rather to determine if there is a genuine issue of fact.  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then

summary judgment should be granted against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on

which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

All evidence should be viewed in the light most favorable to the non-moving party.  *See

Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

As the Magistrate Judge explained, before presenting a claim in federal court, a §

2254 petitioner must exhaust all available state court remedies.  28 U.S.C. § 2254(b)(1);

*Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015); *Matthews v. Evatt*, 105 F.3d 907,

911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997).  The applicable statute provides the

following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted unless
> it appears that–
>      (A) the applicant has exhausted the remedies available in the courts
>      of the State; or
>      (B)     (i) there is an absence of available State corrective process; or
>                 (ii) circumstances exist that render such process ineffective to

protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

"A habeas petitioner meets the exhaustion requirement by fairly presenting his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim." *Braxton*, 780 F.3d at 201 (alterations and internal quotation marks omitted). "To satisfy his burden, the petitioner must show that both the operative facts and the controlling legal principles were presented to the state court." *Id.* (alterations and internal quotation marks omitted).

Here, the Magistrate Judge explained that Goss wished to proceed only on his claim that the South Carolina Department of Corrections ("SCDC") miscalculated his sentence, and that Goss filed a grievance regarding his claim, which resulted in a final decision from SCDC in April of 2022. The Magistrate Judge further explained that Goss appealed to the South Carolina Administrative Law Court after receiving SCDC's final decision, and then, following an adverse decision from the administrative court, he filed an appeal with the South Carolina Court of Appeals, which remains pending. (*See* ECF Nos. 32-4, 46, 46-12.) Because the appeal remains pending, the Magistrate Judge found that Goss had not fully exhausted his administrative remedies prior to filing this action. The Magistrate Judge further rejected Goss's argument that his failure to exhaust should be disregarded based on "inordinate delay," explaining that the appeal is proceeding in normal course. (*See* ECF No. 50 at 8-11.)

In his objections, Goss asserts that the Magistrate Judge erred in finding that he failed to show inordinate delay in the state court process, and Goss contends that the Court should presume that his appeal has been unjustifiably delayed because it has been over

two years since he filed it on February 1, 2022.  (ECF No. 52 at 1-2.)

Contrary to Goss's assertion, however, the record reflects that Petitioner filed his notice of appeal with the South Carolina Court of Appeals on September 25, 2023, and as the Magistrate Judge noted, the publicly available docket reflects significant activity since then.  Thus, after *de novo* review, the Court fully agrees with the Magistrate Judge that Petitioner has not shown any inordinate or unjustifiable delay in the state court process to excuse him from the statutory exhaustion requirement, and the Court finds no merit to Goss's objections.

## **CONCLUSION**

After careful review, therefore, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 50); the Court grants Respondent's motion for summary judgment (ECF No. 33) on the basis that Goss has failed to exhaust his administrative remedies; and the Court dismisses this action and declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 6, 2024
Charleston, South Carolina

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues

satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.